# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

**Robert Reich, individually and on behalf of all others similarly situated,**

　　　　　Plaintiffs,

v.

**UNITY ONE CREDIT UNION,** as successor by merger to GCM Federal Credit Union**,**

　　　　　Defendants.

**Civil No. 10-0606 (JJG)**

**ORDER FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND AUTHORIZATION TO PAY FEES AND COSTS**

---

JEANNE J. GRAHAM, United States Magistrate Judge

This matter came before the undersigned on August 8, 2011, on Motion for Final Approval of Class Action Settlement Agreement and Plaintiff's Request for Attorneys' Fees and Costs and the Plaintiff's Representative Award (Doc. No. 28), and pursuant to the Order Preliminarily Approving Settlement, Conditionally Certifying Class and Approving Notice to Class Members (Doc. No. 27) (the "Preliminary Approval Order") entered on May 5, 2011. The Court entered the Preliminary Approval Order for the purpose of determining: (A) the Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact predominate over any questions affecting only individual Class Members, and include whether the certain ATM identified below violated the fee notice requirements of the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.*, and its implementing regulation, 12 C.F.R. § 205.1 *et seq.*; (C) the claims of Plaintiff Robert Reich ("Plaintiff") are typical of the Class Members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and his attorneys, Thomas J. Lyons of the Lyons Law Firm, P.A. and Lance A. Raphael of The Consumer

Advocacy Center, P.C. are appropriately appointed as Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Class Members.

The Court having heard arguments of counsel for the parties and of such persons as were chosen to appear at the hearing, having reviewed all materials submitted, having considered all of the files, records, and proceedings herein, and being otherwise fully advised, **IT IS HEREBY ORDERED** that:

1.     All capitalized terms used in this Final Approval Order have the meaning set forth in the Settlement Agreement unless otherwise expressly indicated.

2.     This Court has jurisdiction over the subject matter of this action, the Class Representative, the Class Members and Defendant Unity One Credit Union, as successor by merger to GCM Federal Credit Union ("Defendant").

3.     The provisions of the Preliminary Approval Order that conditionally certified the following Settlement Class pursuant to Fed. R. Civ. P. 23(b)(3) should be, and hereby are, confirmed in all respects as a final class certification order under Fed. R. Civ. P. 23(e) for purposes of implementing the terms provided for in the Settlement Agreement:

> All persons who, from March 3, 2009 through March 15, 2010 were charged a transaction fee for the use of ATM number 631780, located at 1010 Highway 96, Vadnais Heights, MN 55127.

4.     Solely for purposes of settlement, the Court finds that the prerequisites of Fed. R. Civ. P. 23(a), (b)(3) are satisfied.

5.     The Court has received and reviewed the following submissions regarding the implementation of notice and authorization for attorneys' fees and costs:

a.     Declaration of Lance A. Raphael (Admitted Pro Hac Vice) on Behalf of The Consumer Advocacy Center, P.C. in Support of Final Approval of the Class Action

2

Settlement Agreement and Plaintiff's Request for Attorneys' Fees and Costs and the Plaintiff's Representative Award dated August 1, 2011 (Doc. No. 32); and

      b.      Final Declaration of Thomas J. Lyons, Esq. on Behalf of Lyons Law Firm P.A. in Support of Plaintiff's Memorandum for Final Approval of Class Action Settlement Agreement and Plaintiff's Request for Attorneys' Fees and Costs and the Plaintiff's Representative Award dated August 5, 2011 (Doc. No. 35).

6.      Based on the submissions provided to the Court, the Court finds that Notice was given to the Settlement Class as set forth in the Settlement Agreement and pursuant to the Preliminary Approval Order.

7.      The dissemination of Notice, as provided for in the Settlement Agreement and the Preliminary Approval Order, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed. R. Civ. P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law.

8.      The terms of the Settlement, as set forth in the Settlement Agreement, are hereby determined to be fair, reasonable, and adequate.  Accordingly, said Agreement, including each of its respective terms and conditions, is hereby finally approved, and the parties shall implement it pursuant to its terms.

9.      Plaintiff and Class Counsel have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

10.      To date, no Member of the Settlement Class has opted out of the Settlement Agreement.

11.     To date, no Member of the Settlement Class has objected to the Settlement Agreement.

12.     To date, no Member of the Settlement Class has submitted a claim.

13.     Except as to any person who has timely and effectively requested exclusion from the Settlement Agreement, the Court hereby dismisses with prejudice this action, all claims contained therein and all Released Claims and, in accordance with Fed. R. Civ. P. 54(b), finds that there is no just reason for delay, and orders the entry of a final judgment.

14.     The Court bars and permanently enjoins all Class Members, except any person who timely and effectively requested exclusion from the Settlement Agreement, from instituting or prosecuting any action or proceeding, whether class or individual, against Defendant for liability based upon the Released Claims.

15.     The Court finds that an award of $1,500.00 for Plaintiff as Class Representative is fair and reasonable.

16.     The Court finds that an award of $26,000.00 in attorneys' fees and costs is fair and reasonable based upon a review of Class Counsel's certifications and that otherwise, the parties are to bear their own attorneys' fees and costs.

17.     Pursuant to the Settlement Agreement's terms, Defendant agreed to pay a class Settlement Fund of $7,200.00.  The $7,200.00 was to be distributed on a *pro rata* basis to any Class Member who sent in a claim form and indicated that they wanted to participate in the Settlement.  Pursuant to the Settlement Agreement's terms and because the Settlement Fund was not claimed, the $7,200.00 will be placed into a fund to be dispersed on a 50/50 basis between two registered charitable organizations of the parties' selection.

4

18.    The parties shall designate the registered charitable organization recipients within twenty-one (21) days of the date of this Final Approval Order.

19.    Defendant shall distribute the $1,500.00 Class Representative award, the $26,000.00 attorneys' fees and costs award, and the Settlement Fund of $7,200.00 within twenty-one (21) days of the date of this Final Approval Order.

20.    The Court hereby decrees that neither the Settlement Agreement nor this final judgment nor the fact of the Settlement is an admission or concession by the Released Parties, or any of them, of any liability or wrongdoing. This final judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the action.

21.    The Court retains jurisdiction over this Settlement with respect to the consummation, implementation, enforcement, construction, interpretation, performance and administration of the Settlement Agreement or Judgment.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

SO ORDERED:

Dated: August 8, 2011

s/ *Jeanne J. Graham*
JEANNE J. GRAHAM
United States Magistrate Judge